The opinion of the Court was delivered by
Wardlaw, A. J.
When, in the course of a partition under a writ directed to Commissioners, a chattel has, with the assent of all concerned, been allotted'to a party who takes possession of it, a subsequent confirmation of the return of the Commissioners has relation to the time of actual allotment completed, so as from that time to ratify in that party a title to the chattel which he then acquired. To the return there may, however, be exceptions, and whether before its confirmation' the title is ever more than inchoate, we need not here consider, for in this case we think there was no complete allotment of shares before Billy died. The writ required partition of both real and personal estate. On the 13th and . 14th of February, the* slaves were appraised and thrown into lots, and the lot of each party was designated; the slaves continued for a short time afterwards to remain in the possession of the administrator, for some services to be rendered to the estate; after a few days some of the parties took possession of their lot's, but Billy did not come to the possession of Mrs. McClellan or her agent, *178 and died February 24. Afterwards a partition of the lands was made, and tbe return of the Commissioners was signed March 12th, and filed March 28th. In this the share of each party in the real and personal estate, as a whole, was ascertained, and payments from one of them to others was directed for equality of partition. Before the Commissioners completed their work, misfortune had disturbed the result of their earlier operations, and they should not, by adhering to what no longer suited their scheme, have permitted the defeat of that proportionate equality which it was their office and desire to effect. If a new division of the slaves was inexpedient, Mrs. McClellan might, by payments of money directed in the final adjustment to be made to her by others, have been relieved from sustaining singly the burden of the loss, which had diminished the aggregate of the property to be distributed before distribution was complete. What ought to have been done by the Commissioners, this Court is of opinion, should now be done, so far as is practicable and just. But as the emancipation of the slaves has affected all of these parties, it would not be fair to give Mrs. McClellan the full price of Billy, for if she had received him, and he had lived hers, she would, about May 15, 1865, have been deprived of his services, as the others have been of the services of the slaves allotted to them, which they continued to keep. The probable amount of what Billy, if he had lived, could have hired for, from the time of his death to the time of emancipation, is the measure of what Mrs. McClellan has been deprived of, by the assignment of Billy to her. But since we regard Billy as having belonged to the estate at the time of his death, and the exact price at which he was set down .by the Commissioners can be seen, the easier and more precisely just mode of correcting the inequality of partition is to calculate interest on that price, from the day the return of the Commissioners was confirmed, except in reference to Billy, *179 up to May 15,1865, and that interest to divide between the parties, as the estate was divided between them, in like shares and proportions.
It is therefore ordered that the decree of the Chancellor be reversed; that the Commissioner do calculate and divide the interest on Billy’s price, as above directed; and that each of the other parties do pay to Mrs. McClellan the share of such interest, which upon such division shall be found due by such party.
Dunkin, C. Jv and Inglis, A. J., concurred.
Decree reversed.